UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA, | **REPORT AND RECOMMENDATION**
---|---
Plaintiff, | 09-CV-01079(A)(M)

v.

$6,180.00 UNITED STATES CURRENCY

                Defendant.
_____

This case was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including preparation of a Report and Recommendation on dispositive motions [10].[1] Before me is the motion of Simeon Leeper (the "claimant") to aside the forfeiture [6]. For the following reasons, I recommend that the claimant's motion be denied.

## BACKGROUND

The government commenced this action *in rem* for forfeiture of $6,180.00 ("seized currency") that was recovered by the Southern Tier Drug Task Force from a vehicle the claimant was operating at the time of his arrest and from his person. Complaint [1]. The claimant has filed a claim to the seized currency [5] and now moves to set aside the forfeiture based on a lack of *in rem* jurisdiction over the seized currency and for lack of timely notice of the forfeiture [6].

---

      [1]      Bracketed references are to the CM/ECF docket entries.

# ANALYSIS

## A. Does the Court Lack *In Rem* Jurisdiction Over the Seized Currency?

The claimant argues that the court lacks *in rem* jurisdiction over the seized currency because the Jamestown Police had no authority to turn the funds over to the Federal authorities. Claimant's motion [6], p. 2.

"Upon receiving property seized pursuant to a search warrant, the court must either: (a) Retain it . . . ; or (b) Direct that it be held in the custody of the person who applied for the warrant . . ., upon condition that upon order of such court such property be returned thereto or delivered to another court." NY CPL §690.55(1). In accordance with this statute, the Chautauqua County Attorney, David Foley, obtained an *ex parte* turnover order from Jamestown City Court Judge Lamancuso permitting release of the seized currency held by Southern Tier Regional Drug Task Force to the "United States of Justice [*sic*] Drug Enforcement Administration". Government's response [8], Ex. A.

It is this fact which distinguishes this case from those relied upon by the claimant. For example, in United States v. $490,920 in U.S. Currency, 911 F.Supp. 720, 724 (S.D.N.Y.1996), "the issue of *in rem* jurisdiction ar[ose] from the failure of the state and federal authorities to secure a turnover order from [the state court], as provided by New York's warrant and seizure scheme, prior to transferring the Funds from state to federal custody".

Similarly, in In re Application Authorizing the Release of Five Thousand Seventy-Six Dollars ($5,076.00) Seized Pursuant to Search Warrant Log Number 436/2005, 11 Misc.3d 718, 721 (Sup. Ct. Kings Cty 2006), the court declined to sign an order permitting the

local authorities to turnover the seized funds to the United States Drug Enforcement Administration. Although the court found that a "plain reading of the statute would suggest that where there has been no previous federal involvement in the case, a court lacks statutory authority to grant the instant request and turn over these funds to a federal authority", such a requirement does not appear in the statute. Id., 720-721. It also does not appear that any other court has adopted this as a necessary condition to transfer funds from local to federal authorities.[2] Moreover, if the claimant wishes to challenge the propriety of Judge Lamancuso's transfer order, such challenge should be made to that court.

Therefore, I find that this court has *in rem* jurisdiction over the seized currency.

**B.      Did the Claimant Receive Timely Written Notice of the Forfeiture?**

The claimant argues that he was provided with written notice of the forfeiture proceeding on August 24, 2009, more than 60 days after the June 4, 2009 seizure.[3] Claimant's motion [6], p. 3. He relies on the 60-day deadline of 18 U.S.C. §983(a)(1)(A)(i), which provides that:

---

[2] However, courts have added other conditions on their ability to transfer the seized assets to another court. For example, in the Matter of Four Thousand One Hundred and Ninety Dollars, 167 Misc.2d 1032, 1033 (N.Y. Cty. Ct. 1996), the court found that "until there is a definitive statement by the District Attorney that no criminal cases are pending or are intended hereafter to be commenced in the courts of New York based upon such seized property, it is not appropriate for this Court to authorize its being turned over to federal authorities".

[3] Although the seizure notice erroneously states that the seizure occurred on July 8, 2009, the parties agree that the seizure occurred on June 4, 2009. Claimant's motion [6], Ex. A; government's response [8], p. 6.

> "Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure."

However, the claimant ignores the applicable section of the statute, which states where "the property is seized by a State or local law enforcement agency and turned over to a Federal law enforcement agency for the purpose of forfeiture under Federal law, notice shall be sent not more than 90 days after the date of seizure by the State or local law enforcement agency." 18 U.S.C. §983(a)(1)(A)(iv).

Based on the claimant's concession that he was served with written notice of the forfeiture 84 days after the seizure (claimant's motion [6], p. 3), I find that he received timely notice.

**CONCLUSION**

For these reasons, I recommend that the claimant's motion to set aside the forfeiture [6] be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by June 18, 2010 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED: June 1, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge